Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASKA PROTEIN RECOVERY, LLC, an Alaskan LLC; TRIDENT SEAFOODS CORPORATION, a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETEK CORPORATION, a California corporation,<br><br>Defendant. | No. 2:13-cv-01429-RAJ<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.   General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) must be applied in each case when formulating a discovery plan. To further the application of the

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians</u>. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

discoverable ESI in their possession, custody or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(2) or (D)(1)-(2) below).

2. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

 a. Deleted, slack, fragmented, or other data only accessible by forensics.

 b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

 c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

 d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

 e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

 f. Server, system or network logs.

 g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

 h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), *provided* that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D. Privilege**

1. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.    ESI Discovery Procedures**

1.   <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.   <u>Search methodology</u>.  The parties shall attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken.  The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

   a.   A producing party shall disclose what search terms, if any, were used to locate ESI likely to contain discoverable information. If search terms were not used, the producing party shall disclose the search methodology used to locate ESI likely to contain discoverable information.

   b.   If search terms were used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The parties shall confer in good faith on the 5 additional terms or queries.  Focused terms and queries, rather than overbroad ones (e.g., product and company names), should be employed.

   c.   The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

3.   <u>Format</u>. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native, TIFF (with a companion text file), and searchable

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

4. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5. Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

DATED this 12th day of February, 2014.

By: s/Michael D. Helgren
By: s/Timothy B. Fitzgerald
By: s/Daniel M. Weiskopf
Michael D. Helgren, WSBA No. 12186
Timothy B. Fitzgerald, WSBA No. 45103
Daniel M. Weiskopf, WSBA No. 44941
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite #2700
Seattle, WA 98101-3143
Telephone: (206) 467-1816
Fax: (206) 624-5128
E-mail: mhelgren@mcnaul.com
tfitzgerald@mcnaul.com
dweiskopf@mcnaul.com
Attorneys for Plaintiffs Alaska Protein Recovery, Inc. and Trident Seafoods Corporation

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION – Page 5

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

DATED this 12th day of February, 2014.

      *s/Thomas F. Ahearne*
      *s/Rylan L.S. Weythman*
      Thomas F. Ahearne, WSBA #14844
      Rylan L.S. Weythman, WSBA #45352
      FOSTER PEPPER PLLC
      1111 Third Avenue, Suite 3400
      Seattle, Washington 98101-3299
      Telephone: (206) 447-4400
      Facsimile: (206) 447-9700
      Email:  ahearne@foster.com
                  weytr@foster.com
      Attorneys for Defendant PureTek Corporation

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED this 21st day of February, 2014.

*(signature)*
_____
The Honorable Richard A. Jones
United States District Judge

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816